UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY CHRISTIAN,

          Plaintiff,

v.

DANIEL L. DUCATT, et al.

          Defendants.

Case No. 2:13-cv-13931
Judge Stephen J. Murphy, III
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S AUGUST 20, 2014 MOTION REQUESTING APPOINTMENT OF COUNSEL (DE 36)

### A.   Procedural Background

This matter is before the Court for consideration of Plaintiff's Motion Requesting Appointment of Counsel.  DE 36.  Plaintiff, Aubrey Lee Christian, is a state prisoner who is proceeding without the assistance of counsel.  He filed his Complaint on September 13, 2013 (DE 1), asserting violations of the Eighth Amendment to the United States Constitution.  During the times relevant to his Complaint, he was incarcerated in various facilities of the Michigan Department of Corrections.

On August 20, 2014 Plaintiff filed the subject Motion.  He contends that he has written to multiple attorneys seeking counsel in this case and that no attorney has been willing to accept the case pro bono.  He accordingly asks the Court to

appoint counsel for him. His motion does not specifically allege that he is unable to afford counsel, although he repeatedly characterizes himself as indigent.

**B.     Discussion**

Plaintiff's request for the appointment of counsel is governed by 28 U.S.C. § 1915 ("Proceedings in forma pauperis"), which provides in part that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

For the following reasons, Plaintiff's Motion for Appointment of Counsel will be denied. DE 36. First, this case is still young, at least from a procedural standpoint. Plaintiff is in the process of seeking to amend his Complaint, and several defendants have yet to be served. Motion practice, including dispositive motion practice, is likely to be extensive in this case, given the number of parties and facilities involved, and the extensive pleadings. The Court believes that it is premature to appoint counsel at this time, even if Plaintiff is indigent. If this case

should survive dispositive motion practice and proceed toward trial, the Court would be willing to again entertain the possibility of seeking the appointment of pro bono counsel.

Second, on several occasions, Plaintiff has illustrated his ability to adequately communicate his requests to this Court. The Court notes that Plaintiff has eight pending motions (DE ## 26, 28, 35, 36, 43, 44, 52 and 53). The Complaint (DE #1) consists of 112 typed pages and 90 paragraphs, and the proposed amended complaint (DE #29) consists of 123 typed pages and 201 paragraphs, not including the relief requested in each. The instant Motion (DE #36) is supported by an extensive, intelligent, logical and comprehensive brief, which appears to be substantially compliant with the Rules of Civil Procedure and the local rules, including, *inter alia*, one and a half pages of alphabetized legal citations and a succinct analysis of the factors to be considered by a court in deciding a motion of this nature. His motion practice before the Court demonstrates that he has access to legal research. Accordingly, the Court concludes that the plaintiff, despite being a prisoner with no legal training, demonstrates a somewhat heightened and perhaps impressive ability to represent himself. Although Plaintiff indicates that the factual complexity of the case weighs in favor of appointment of counsel, his extensive pleadings and proposed pleadings demonstrate what appear to be his command of an extensive set of facts.

Moreover, while Plaintiff argues that the legal complexity of his case favors the appointment of counsel, the Court notes that the crux of the matter appears to fall under a single legal theory of alleged 8th Amendment violations.

**C.     Order**

Upon consideration, Plaintiff's Motion for Appointment of Counsel (DE 36) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may renew his request for the appointment of counsel if this case survives dispositive motion practice, proceeds to trial and/or if other circumstances warranting the appointment of counsel arise.

**IT IS SO ORDERED.**


Dated: February 10, 2015         s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 10, 2015, electronically and/or by U.S. Mail.


                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti
                                 (313) 234-5200