UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY CHRISTIAN,

           Plaintiff,

v.

DANIEL L. DUCATT, et al.

           Defendants.

Case No. 2:13-cv-13931
Judge Stephen J. Murphy, III
Magistrate Judge Anthony P. Patti

**ORDER ADDRESSING PLAINTIFF'S MARCH 9, 2015 MOTION (DE 62),
GRANTING DEFENDANTS' MARCH 11, 2015 MOTION (DE 67),
GRANTING PLAINTIFF'S MARCH 17, 2015 MOTION (DE 69) and
DENYING PLAINTIFF'S MARCH 20, 2015 MOTION (DE 71)**

A.    **Background**

Aubrey Christian (#722265) is currently incarcerated at the Gus Harrison Correctional Facility (ARF). *See* www.michigan.gov/corrections, "Offender Search." On September 13, 2013, while incarcerated at Lakeland Correctional Facility (LCF), he initiated this case against thirteen (13) defendants located at various MDOC facilities, among which are the Charles Egeler Reception & Guidance Center (RGC) in Jackson, ARF in Adrian, Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, LCF in Coldwater and MDOC Headquarters in Lansing. DE 1 ¶¶ 8-20. As discussed in a prior order of this

1

Court, five (5) defendants have appeared and eight (8) have yet to appear. DE 61 at 1-3.[1]

This case was reassigned from Magistrate Judge Komives to me on January 13, 2015 and has been referred to me for all pretrial matters (DE 54). Since then, this Court has entered several orders (DEs 55-61, 68), among which is an order (DE 57) granting Plaintiff's motions requesting order to enforce MDOC PD 05.03.116 (DE 52) and to provide copies of amended complaint (DE 26).

**B.     Pending Motions**

1.     Currently before the Court is Plaintiff's March 9, 2015 motion (DE 62) requesting clarification and amendment of the Court's February 12, 2015 order (DE 57). Within this motion, Plaintiff states:

> On March 2, 2015, Plaintiff submitted for photocopies of a Motion for Extension of time to Libr[ar]y Tech Deborah Foster, who refused to make these photocopies, stating that per Melody Wallace, Litigation Coordinator, Lansing, Michigan, that the Court's Order requ[i]ring enforcement of Policy Directive 05.03.116, set on February 12, 2015 did not apply to the current Pleading, and would only apply to photocopying the Ame[nd]ed Complaint, therefore Plaintiff was unable to get photocopies.

DE 62 at 2 ¶ 3. In conclusion, Plaintiff asks the Court to make its February 12, 2015 order (DE 57) applicable "to all photocopies and the loaning of funds for

---

[1] Plaintiff's July 15, 2014 first amended complaint (DE 29) was stricken by way of one of the Court's February 12, 2015 orders (DE 56).

photocopying being filed, suc[h] as for all Briefs, Motions, Discovery requests, any other photocopies Plaintiff might need to adequately litigate this claim." DE 62 at 3.

The MDOC Defendants filed a response (DE 65) on March 10, 2015. Attached to the response is a copy of MDOC PD 05.03.116 ("Prisoners' Access to the Courts"), effective Oct. 17, 2014. DE 65-2. In part, that policy provides:

> Prisoners who lack sufficient funds to pay for copies of documents in their possession, or available to them in the law library, which are necessary for the prisoner to file with the court or *serve* on a party to a lawsuit shall be loaned funds to pay for the copying. Funds shall not be loaned, however, for copying a document which can otherwise be *reproduced* by the prisoner, except if the document is notarized or was created for the prisoner through the Legal Writer Program and as otherwise required by court order for *service* of a federal lawsuit.

MDOC PD 05.03.116, ¶ N (emphasis added). Relying upon ¶ N of that policy, the MDOC Defendants state, "the MDOC would loan funds to copy any exhibits and notary pages necessary to file the amended complaint." Moreover, the MDOC Defendants contend, "since Plaintiff can reproduce his own amended complaint, complying with the Order would cause an unnecessary burden on MDOC resources." DE 65 at 2. Therefore, the MDOC Defendants request that the Court's February 12, 2015 order (DE 57) be modified to "allow the MDOC to make copies of Plaintiff's exhibits and any notarized pages." DE 65 at 3.

The following day, on March 11, 2015, the MDOC Defendants filed a motion (DE 67) to amend their response (DE 65). Among the attachments to this motion is the MDOC Defendants' amended response (DE 67-2 at 1-6) to Plaintiff's motion (DE 62) requesting clarification and amendment. Therein, they interpret "can otherwise be reproduced by the prisoner" as "either writing out duplicates of the legal documents, or by using carbon paper – provided to the prisoner and charged to his account – to reproduce the necessary copies." DE 67-2 at 3. Here, the MDOC Defendants ask the Court to "instead require the Plaintiff to reproduce his amended complaint by hand – as well as any other documents he can reproduce by hand – which is in accordance with MDOC PD 05.03.116 ¶N." DE 67-2 at 5.

On March 20, 2015, Plaintiff filed a reply. DE 70. Among other things, he claims that Defendants' responses (DE 65, DE 67) are untimely to the extent they are objections under Fed. R. Civ. P. 72 and E.D. Mich. LR 72.1(d). DE 70 at 1-2. Also, citing his October 22, 2014 request for relief, which concerned photocopying "pleadings necessary for filing with the Court[,]" DE 52 at 3, Plaintiff notes that he construes the Court's February 12, 2015 order (DE 57) "as applying to all pleadings being filed with the [C]ourt[.]" DE 70 at 2. Citing E.D. Mich. LR 5.1, Plaintiff notes that he will also be required to serve two (2) copies of the amended complaint upon the Clerk of the Court, as well as a copy upon each defendant or his/her counsel. He then addresses the practicality of using carbon paper or

4

manually retyping eighteen (18) copies of an amended complaint that is fifty-three (53) pages long. DE 70 at 4. Then, Plaintiff responds to Defendants' burdensome argument by citing ¶ C of MDOC PD 04.02.110 ("Prisoner Benefit Fund") and ¶¶ G & I of MDOC PD 04.02.120 ("Indigent Prisoners").[2] It is Plaintiff's position that "photocopy loans are issued from the [PBF] which is funded by prisoners, and repaid to the [PBF], therefore[,] there is no burden on [MDOC] resources by issuing the photocopy loans." DE 70 at 5.

2. Also before the Court is Plaintiff's March 17, 2015 motion (DE 69 at 1-4) for an extension of time within which to provide copies of his amended complaint. Among other things, Plaintiff describes his March 9, 2015 submission of his amended complaint and Librarian Deborah Foster's alleged March 11, 2015 response. DE 69 ¶¶ 4-5. He also alleges a conflict of interest (DE 69 ¶ 6), contends that sanctions are proper (DE 69 ¶ 7) and requests that the Court "address the issue of the blatant violation of the Court's Order[,]" DE 69 at 4.

3. Just days ago, on March 20, 2015, Plaintiff filed a motion (DE 71) requesting sanctions against MDOC Defendants and the Attorney General.

---

[2] "State appropriated funds shall not be used to fund the PBF." Among the sources from which funds may be derived are "[p]rofits from PBF-funded copy machines[.]" MDOC PD 04.02.110, effective 08/01/2010, ¶ C; DE 70 at 10-11. Also, "[a]n indigent loan shall be treated as an institutional debt and collected as set forth in PD 04.02.105[,]" and "[a]n indigent prisoner shall be provided photocopying services for necessary legal materials as set forth in PD 05.03.116[.]" MDOC PD 04.02.120, effective 12/03/2012, ¶¶ G & I; DE 70 at 14.

Plaintiff explains his effort to photocopy what eventually became his March 9, 2015 motion to extend (DE 63) and his effort to photocopy his forthcoming amended complaint. DE 71 at 2-3 ¶¶ 3-7. Plaintiff argues that sanctions are proper in light of "dilatory motive," "malicious intent," obstruction of proceedings and violation of this Court's February 12, 2015 order (DE 57). DE 71 at 3-4 ¶¶ 8-11. Plaintiff contends that the actions of Melody Wallace, Deborah Foster and the Office of the Attorney General, particularly Assistant Attorney General Robert J. Jenkins, "amounts to retaliation against Plaintiff for accessing the [courts], and denial of access to the [courts], which is a clear violation of the United States Constitution." DE 71 at 4 ¶ 12. In sum, Plaintiff asks the Court to "impose sanctions against all parties involved for violating the Court's Order [DE 57], by entering default judgment against parties involved, allow Plaintiff to submit pleadings to the Court for photocopying, and have the [MDOC] billed by the Court to pay for these photocopies, or whatever sanctions the Court feels proper in this case." DE 71 at 6; *see also* DE 71 at 5 ¶ 16.

**C.     Discussion**

    **1.**     Plaintiff has provided the Court with a copy of an MDOC Memorandum, dated March 11, 2015 (DE 69 at 5), wherein D. Foster, Library Technician, comments on the subject of photocopies, appears to refer to the Court's February 12, 2015 order (DE 57) and discusses ¶ N of MDOC PD

05.03.116,[3] as well as Plaintiff's *Second Amended Complaint with Jury Demand*, *Notice of Filing Amended Complaint with Request for Order Directing Service* and *Proof of Service*. Among other things, the Memorandum points out that Plaintiff created the *Notice* and *Second Amended Complaint* and "can reproduce them yourself through use of carbon paper or by retyping the documents." DE 69 at 5.

Setting aside, for the moment, the issue of whether any such amended complaint "can otherwise be reproduced by the prisoner," the Court finds the results of its order – which require the MDOC to loan Plaintiff funds to make "adequate copies of the amended complaint for service of process upon those defendants who have yet to appear[,]" - is expressly permitted by MDOC PD 05.03.116 ¶ N's phrase, "as otherwise required by court order for service of a federal lawsuit." This is so, even if, as the MDOC's March 11, 2015 memorandum attempts to distinguish, "[t]he language . . . was written to implement an agreement with the federal district courts on serving newly filed Section 1983 lawsuits after initial screening." DE 69 at 5.

While acknowledging what the MDOC offers as the "legislative history" of this sentence of MDOC PD 05.03.116, this Court will not modify its February 12,

---

[3] The memorandum actually refers to "Paragraph L," which is in the portion of MDOC PD 05.03.116 which concerns "Legal Property." *See* DE 65-2 at 3. This order assumes it was intended for the memorandum to refer to "Paragraph N," which falls within the portion of MDOC PD 05.03.116 concerning "Legal Photocopying Services." *See* DE 65-2 at 4.

2015 ruling (DE 57), as Defendants request. DE 67-2 at 5. To the extent that the MDOC's March 10, 2015 and March 11, 2015 filings (DE 65, DE 67-2) can be characterized as a motion for reconsideration, they were not filed within fourteen (14) days, no palpable defect has been demonstrated and there has been no showing that the alleged defect would result in a different disposition of the case. E.D. Mich. LR 7.1(h)(1), (3). The Court's February 12, 2015 order (DE 57) *clearly* limits the number of mandated copies to the defendants who have yet to appear (presumably equal in number to those who have yet to be served), and service of the anticipated amended complaint upon those defendants who have yet to be appear will constitute "service of a federal lawsuit" against such defendants.

**2.** In addition to the language provided in its February 12, 2015 order (DE 57), the Court notes that Plaintiff will be required to send two (2) copies of any amended complaint to this Court for filing[4] and a copy of any amended complaint to those parties who have already appeared.[5] At this time, with only five (5) defendants having appeared and the same attorney having appeared on behalf of each of them (*see* DE 13, 14, 18, 23 & 48), Plaintiff need only serve one (1) copy of the amended complaint upon Assistant Attorney General Robert J. Jenkins.

---

[4] E.D. Mich. LR 5.1(b)(2) ("All papers not filed electronically with the clerk must include an original and one copy. The copy should be clearly marked 'JUDGE'S COPY.'").
[5] *See, i.e.*, Fed. R. Civ. P. 5 ("Serving and Filing Pleadings and Other Papers"), E.D. Mich. LR 5.1.1 ("Filing and Service by Electronic Means").

The Court understands that MDOC PD 05.03.116 "limits indigent loans to circumstances where the copies are necessary to protect a prisoner's right of access to the courts[,]" and that "[t]he prison's decision to limit the copying expenses it will incur to support Plaintiff's litigation activities [may be] rationally related to the legitimate state interest of managing prison expenses, and rationing limited staff resources." *Moore v. Unknown Part(y)(ies)*, No. 1:13–cv–669, 2014 WL 2115245, 9 (W.D. Mich. May 21, 2014). The Court also recognizes that Plaintiff Christian is not the first prisoner to have been denied a loan for photocopying expense. *See Dudley v. Fuqua*, No. 1:11–cv–447, 2011 WL 3555585, 4 (W.D. Mich. Aug. 11, 2011) (on an access to courts claim, "Plattie denied Plaintiff's request for a copy of the form in accordance with MDOC policy because it was something that Plaintiff could reproduce himself[,]" and "Plaintiff does not allege that he was unable to fill out a second form or copy the form by hand.").

However, three (3) additional copies of the anticipated amended complaint will be required for Plaintiff to comply with the Court's February 12, 2015 order and the Court specifically finds that these copies, and those specified in the preceding section, "are necessary to protect [this] prisoner's right of access to the courts."

3. The Court notes that its other February 12, 2015 order (DE 56) requires Plaintiff's amended complaint to be limited to the parties identified in his

9

July 15, 2014 motion (DE 28).  In other words, Plaintiff's amended complaint may not name as defendants anyone other than the twenty-one (21) identified in Plaintiff's July 15, 2014 proposed amended complaint (DE 29).

In expectation of Plaintiff's amended complaint and the following service of process as to those defendants who have yet to appear, the Court refers to its February 13, 2015 order (DE 61), whereby the MDOC was required to provide the U.S. Marshal with certain information as to Defendants Daniel L. Ducatt, Kenneth Jordan, Anil Prasad, Judy Gracik, Margaret Ouellette, Donna Croston and Randy Lindstrom.  DE 61 at 5.  It is not clear to the Court whether this has occurred.

**4.** The Court hopes that motion practice over the issue of legal photocopying services will soon subside.  Once an amended complaint that meets with the requirements of this Court's other February 12, 2015 order (DE 56) is filed, the number of defendants in the case should be clear and stable.  Moreover, once each of the defendants named therein is served and has appeared, the Court anticipates that the number of copies Plaintiff will need for his future filings will be lower in number.

**5.** Plaintiff's March 20, 2015 motion for sanctions (DE 71) is based upon Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).  Among other things, Plaintiff relies upon *Clarksville-Montgomery County School System v. U.S.*

*Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991)[6] and *Eisler v. O'Connor*, No. 89-3268, 1990 WL 86464, 1 (6th Cir. 1990).[7] DE 71 ¶¶ 13, 17.

The undersigned's authority regarding a request for sanctions depends upon the type of relief sought. For example, "[i]f a District Judge contemplates that the disposition of discovery disputes by a Magistrate Judge may involve sanctions that are dispositive of pending claims or defenses, such as those provided in Fed. R. Civ. P. 37(b)(2)(A)(v) and (vi), then the District Judge would direct the Magistrate Judge to propose findings of fact and recommendations for action to be taken pursuant to 28 U.S.C. § 636(b)(1)(B)[.]" *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 499 n.2 (D. Md. 2010).

---

[6] "Rule 16(f) provides, in pertinent part: "If a party or party's attorney fails to obey a scheduling or pretrial order ..., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just...." Rule 16(f) specifically enumerates certain sanctions that may be appropriate when scheduling and pretrial orders are not followed. The references in Rule 16(f), however, are not exhaustive. Fed.R.Civ.P. 16 (Advisory Notes regarding 1983 amendment). In addition to assessing costs and attorney fees, a wide range of sanctions short of dismissal or default are available to courts. *See* 6A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1531, at 314 (1990). Refusal to consider an objection made in contravention of a district court's scheduling order is merely one suitable sanction. The district court has discretion to impose whichever sanction it feels appropriate under the circumstances." *Clarksville-Montgomery County School System*, 925 F.2d at 998.

[7] "[T]he sanctions in the instant case were imposed under Rule 16(f) rather than Rule 37. Rule 16(f) authorizes the imposition of attorney fees and expenses '[i]n lieu of or in addition to any other sanction.'" *Eisler v. O'Connor*, No. 89-3268, 1990 WL 86464, 1 (6th Cir. 1990) (quoting Fed.R.Civ.P. 16(f)).

However, here, the Court need not concern itself with whether the sanctions Plaintiff seeks would result in dispositive relief. This is so, because, having considered the foregoing arguments, the Court concludes that sanctions are not warranted at this time. Although Plaintiff has been granted some of the relief sought by his March 9, 2015 motion (DE 62), the Court's order (DE 57) is not as broadly worded as Plaintiff had thought (DE 70 at 5): in the opposite vein, the Court's order is not as limited as the MDOC likely hoped (DE 65, DE 67-2).In light of these mutual misunderstandings, the Court concludes that the parties' briefing has assisted it in crafting the appropriate conclusion, and that MDOC's request for clarification, while not completely on the mark, was likewise not made in bad faith, with "dilatory motive," "malicious intent,"or for the "obstruction of proceedings." (*c.f.,* DE 71 at 3-4, ¶¶8-11).

**D.  Order**

In accordance with the foregoing, the Court orders as follows:

1.  To the extent, if at all, Plaintiff sought an order requiring the MDOC to loan him the copying funds he requested on March 2, 2015, this request is MOOT. Plaintiff's March 9, 2015 motion for extension (DE 63) was filed with the Court and ruled upon by a separate order entered on March 17, 2015 (DE 68).

2. The Court's February 12, 2015 order (DE 57) is clear, consistent with MDOC PD 05.03.116 ¶ N and will not be amended. The MDOC SHALL loan Plaintiff funds to photocopy as many copies of his amended complaint as there are defendants who have yet to appear. Of course, the number of these defendants will depend upon how many are named in the forthcoming amended complaint.

3. In addition to what is required by my February 12, 2015 order (DE 57), the MDOC SHALL also loan Plaintiff funds for photocopying three (3) additional copies of his amended complaint – two (2) to be sent to the Court for filing and one (1) to be sent Assistant Attorney General Robert J. Jenkins, who is counsel of record for each of the five (5) defendants who has appeared as of the date of this order.[8]

---

[8] At this time, the Court cannot be certain of the length of Plaintiff's forthcoming amended complaint. However, based upon the length of the complaints which have thus far been submitted to the Court (DE 1, DE 29), and even taking into consideration the Court's February 12, 2015 advice that "it is hard to imagine that something closer to the range of 30-50 pages would not be adequate to provide the defendants with notice of the claims against them[,]" DE 56 at 4 n.1, the Court can reasonably anticipate that Plaintiff's forthcoming amended complaint will not be of a length that may reasonably be reproduced by hand or by re-typing. (See DE 70 at 4, noting that, "[T]he [prospective] amended complaint is 53 pages long.") The apparent fact that this formidable task is already in progress makes it similarly unreasonable to require carbon copies, a point made by Plaintiff, which is well-taken. (*Id.*) Thus, the Court's order requires a photocopying loan as to the additional three (3) copies. The Court is confident, given the low cost of even a full ream of paper, that compliance with this Order will not break the MDOC's proverbial bank. Moreover, Plaintiff states he "is not seeking free photocopies[.]"

13

4.      The Court notes that Plaintiff curtails the pending request to the loaning of funds for the photocopying of "pleadings" (DE 70 at 2, 5). Complaints, including amendments thereof, are pleadings, as defined by Fed. R. Civ. Pr. 7(a) and 15 (referring *passim* to "amended *pleadings*" (emphasis added)[9]; however, the scope of litigation materials which fall within the category of "pleadings" is extremely limited.[10] Accordingly, in all other respects, Plaintiff's motion (DE 62) is DENIED without prejudice. The Court will not rule prospectively on matters which are not currently before it, including whether any future requests by Plaintiff for a loan of copying funds satisfy the requirements of MDOC PD 06.03.116 ¶¶ M-O ("Legal Photocopying Services"), although the warnings contained in footnote 8 above should be noted.

---

DE 62 at 3 ¶ 7; *see also* DE 70 at 4-5. On the flip side of the coin, Plaintiff should not count on receiving such relief in the future. It would be prudent for him to carefully consider the length, cost and necessity of documents which he intends to serve in this litigation going forward. As noted elsewhere in this Order, the Court refrains from ruling prospectively on issues which are not currently before it.

[9] *Coyne v. City of Somerville,* 972 F.2d 440, 446 (1st Cir. 1992) (answer to amended complaint constitutes a pleading).

[10] *See, e.g., Mellon Bank v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993) (motion to dismiss filed prior to answer not a pleading); *In re Zweibon*, 565 F.2d 742, 747 (D.C. Cir. 1977) (summary judgment motion not part of pleadings); *Lockert v. Faulkner*, 574 F. Supp. 606, 609 n.3 (N.D. Ind. 1983) (memorandum in support of motion not a pleading); *Moore's Federal Practice* 3D, §7.03[3] ("[P]leadings (statements about claims) are distinct from motions (requests for court orders)….").

5.  The MDOC Defendants' motion (DE 67) to amend their response (DE 65) is GRANTED. Accordingly, the Court has considered the MDOC Defendants' amended response (DE 67-2) in today's ruling.

6.  Plaintiff's March 17, 2015 motion (DE 69) for an extension of time within which to file his amended complaint is GRANTED. Plaintiff's March 16, 2015 deadline is extended to Wednesday, April 22, 2015.

7.  On or before April 6, 2015, Counsel for the MDOC Defendants SHALL inform the Court, in writing, of the status of its compliance with this Court's February 13, 2015 order (DE 61). Of course, all such communications with the Court must indicate that they were copied to Plaintiff.

8.  Finally, Plaintiff's March 20, 2015 motion for sanctions (DE 71) is DENIED.

**IT IS SO ORDERED.**


Dated: March 24, 2015                s/ Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

I certify that a copy of this document was sent to parties of record on Tuesday, March 24, 2015, electronically and/or by U.S. Mail.

                                                s/Michael L. Williams  
                                                Case Manager to the  
                                                Honorable Anthony P. Patti